JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JENNA-JO BIONDINO

**(b)** County of Residence of First Listed Plaintiff: **Bucks**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jonathan J. Russell, Esq
Drake, Hileman & Davis, PC, PO Box 1306
Doylestown, PA 18901-1306

## DEFENDANTS
BUCKS COUNTY TECHNICAL SCHOOL AUTHORITY operating as BUCKS COUNTY TECHNICAL HIGH SCHOOL and KIMBERLY CARON

County of Residence of First Listed Defendant: **Bucks**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [x] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Section 1983
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- **DEMAND $** >$75,000
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD
s/Jonathan J. Russell

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

05/2023

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __3075 Chandler Drive, Morrisville PA 19067__

Address of Defendant: __610 Wistar Rd., Fairless Hills PA 19030 and 228 Grove St., Morrisville PA 19067__

Place of Accident, Incident or Transaction: __610 Wistar Road, Fairless Hills PA 19030__

---

**RELATED CASE IF ANY:**
Case Number:_____ Judge:_____ Date Terminated_____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]  No [X]
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit Pending or within one year previously terminated action in this court?   Yes [ ]  No [X]
3. Does this case involve the validity or infringement of a patent already in suit or any earlier Numbered case pending or within one year previously terminated action of this court?   Yes [ ]  No [X]
4. Is this case a second or successive habeas corpus, social security appeal, or pro se case filed by the same individual?   Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is /[X] is **not** related to any now pending or within one year previously terminated action in this court except as note above.

DATE: 05/22/24     __s/Jonathan J. Russell__     __66337__
                         *Attorney-at-Law (Must sign above)*     *Attorney I.D. # (if applicable)*

---

**Civil (Place a √ in one category only)**

**A. Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Wage and Hour Class Action/Collective Action
6. [ ] Patent
7. [ ] Copyright/Trademark
8. [ ] Employment
9. [ ] Labor-Management Relations
10. [ ] Civil Rights
11. [ ] Habeas Corpus
12. [ ] Securities Cases
13. [ ] Social Security Review Cases
14. [ ] Qui Tam Cases
15. [X] All Other Federal Question Cases. *(Please specify)*: __42 U.S.C. Section 1983__

**B. Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify)*:_____
7. [ ] Products Liability
8. [ ] All Other Diversity Cases: *(Please specify)*_____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, __Jonathan J. Russell__, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __05/22/24__     __s/Jonathan J. Russell__     __66337__
                         *Attorney-at-Law (Sign here if applicable)*     *Attorney ID # (if applicable)*

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| JENNA-JO BIONDINO <br> v. <br> BUCKS COUNTY TECHNICAL SCHOOL AUTHORITY operating as BUCKS COUNTY TECHNICAL HIGH SCHOOL and KIMBERLY CARON | CIVIL ACTION <br><br> NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (x)

| 05/22/24 | s/Jonathan J. Russell | Jonathan J. Russell |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** Plaintiff |
| 215-348-2088 | 215-348-7069 | jrussell@dhdlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNA-JO BIONDINO<br>3075 Chandler Drive<br>Morrisville, PA 19067<br><br>v.<br><br>BUCKS COUNTY TECHNICAL<br>SCHOOL AUTHORITY<br>operating as BUCKS COUNTY<br>TECHNICAL HIGH SCHOOL<br>610 Wistar Road<br>Fairless Hills, PA 19030<br><br>and<br><br>KIMBERLY CARON<br>228 Grove Street<br>Morrisville, PA 19067-1235 | : <br> : <br> : Civil Action No.<br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : DEMAND FOR JURY TRIAL |

## **COMPLAINT**

### **PARTIES**

1. Plaintiff, Jenna-Jo Biondino, is an adult individual who resides at 3075 Chandler Drive, Morrisville, Bucks County, Pennsylvania.

2. At all times material herein, Plaintiff, Jenna-Jo Biondino, was a student at Bucks County Technical High School, located at 610 Wistar Road, Fairless Hills, Bucks County, Pennsylvania.

3. At all times material herein, Defendant, Bucks County Technical School Authority operating as Bucks County Technical High School, is and was a public school within the Commonwealth of Pennsylvania.

4.  Defendant, Kimberly Caron, is an adult individual who resides at 228 Grove Street, Morrisville, Bucks County, Pennsylvania.

5.  At all times material herein, Defendant, Kimberly Caron, was a secondary teacher employed by Defendant, Bucks County Technical School Authority operating as Bucks County Technical High School.

## JURISDICTION AND VENUE

6.  Paragraphs one (1) through five (5) herein are incorporated by reference as though fully set forth at length.

7.  Federal jurisdiction is invoked under 28 U.S.C. §1331 and §1343 (1988), involving a Federal question pursuant to 42 U.S.C. §1983, relating to the deprivation of Plaintiff's right to bodily integrity under the Due Process Clause of the Fourteenth Amendment.

8.  Venue is appropriate in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391.

## FACTUAL BACKGROUND

9.  Paragraphs one (1) through eight (8) herein are incorporated by reference as though fully set forth at length.

10. On May 23, 2022, Plaintiff, Jenna-Jo Biondino, a then, seventeen-year-old student was on the Emergency Medical Services vocational career pathway within the Health and Human Services Program offered at the Bucks County Technical High School.

11. At all times relevant hereto, the Defendants, Bucks County Technical School Authority operating as Bucks County Technical High School and Kimberly Caron, had a policy, practice, tradition, and/or custom of having the students enrolled in the Health and

Human Services Program, regardless of their desired career pathway, participate in impact weapons training with batons and punch paddles.

12. At all times relevant hereto, the Pennsylvania State Police has classified "batons" as a "weapon" albeit a "less-lethal weapon."

13. Punch paddles are training aids used in boxing, kickboxing and mixed martial arts. They are typically made of leather or a synthetic leather-like material covering a stiff, high density punching surface, covering a molded plastic insert.

14. At all times relevant hereto, Defendants provided students in general and Plaintiff in particular with batons and punch paddles to engage in "sparring" with one another.

15. At all times relevant hereto, Defendants instructed students in general and Plaintiff in particular to defend themselves with a baton, while another student was instructed to strike the baton holding student with punch paddles.

16. At all times relevant hereto, Defendants provided no head, hand or finger protection for those students engaged in the above-described weapons training.

17. At all times relevant hereto, there was no rational reason to have students on the EMS career pathway, enrolled in the Health and Human Services Program, to be trained in the use of impact weapons.

18. Plaintiff did not affirmatively sign-up, volunteer or register for weapons training and was not given the ability to opt- out of such training.

19. At no time did Plaintiff seek out or desire to be certified in weapons training.

20. At all times relevant hereto Plaintiff was studying to be a Certified Emergency Medical Technician.

21. Certification in Baton Tactics Training is not a requirement to be EMT Certified and was not a necessary training relative to Plaintiff's career pathway within the Bucks County Technical High School.

22. At all times relevant hereto, Plaintiff was a minor.

23. At all times relevant hereto, the Bucks County Technical School Authority is a "person" under 42 U.S.C. §1983.

24. Under Pennsylvania law, a school board may be the final policymaker with respect to some actions, while the superintendent may be the final policy maker with regard to other actions.

25. At all times relevant hereto, the Bucks County Technical School Joint Board Committee and/or the then acting Administrative Director were the decision-makers possessing final unreviewable authority to establish policy, adopt curriculum, and to purchase equipment for classroom instruction.

26. At all time relevant hereto, the Bucks County Technical School Joint Board Committee and the then acting Administrative Director knew of the policy, acquiesced to it, and disregarded the foreseen clearly substantial probability of injury, in establishing policy, approving curriculum and purchasing impact weapons to compel minor students to "spar" with one another.

27. At all times relevant hereto, the policy, practice, tradition, and/or custom of the Bucks County Technical School Joint Board Committee, the then acting Administrative Director and Kimberly Caron in having minor children "spar" with one another using impact weapons and punch paddles was known to create a foreseeable danger and risk of serious injury of which the Defendants were aware.

28. At all times relevant hereto, the Bucks County Technical School Joint Board Committee and/or the then acting Administrative Director affirmatively implemented, by establishing policy, approving curriculum and purchasing impact weapons, allowing a dangerous weapons training exercise to take place, which encouraged, facilitated or authorized students to engage in "sparring" with one another, using baton weapons and punch paddles.

29. On May 23, 2022, pursuant to this policy, practice, tradition, and/or custom of Defendants, Plaintiff, Jenna-Jo Biondino, was instructed, compelled and directed to "spar" with a fellow student using impact weapons and punch paddles.

30. At all times relevant hereto, Plaintiff was never provided with protective gear for her head or her hands.

31. Prior to such "sparring," Defendant, Kimberly Caron, announced to the class something to the effect that "the administration doesn't like me doing this because some of you are not yet 18."

32. On May 23, 2022, while instructed, compelled and directed to "spar" with a fellow student using the baton weapon and punch paddles, Plaintiff, Jenna-Jo Biondino's left hand was crushed between the baton and the punch paddle, causing her to sustain serious injuries.

33. As a result of the actions of the Defendants, and/or the failure of the Defendants to perform the duties they were legally obligated to perform, Plaintiff, Jenna-Jo Biondino, suffered severe and permanent injuries to her left hand.

34. In particular, Plaintiff fractured the fifth finger on her left hand to a degree that it required the surgical opening of her finger and the placement of a permanent screw into her bones, in order to hold the structure of her finger together.

35. In addition to surgery and the permanent fixation of a screw in her finger, Plaintiff's hand was immobilized in a cast for the remainder of her senior year, including graduation and all the typical celebratory times a student only has the occasion to experience once.

36. In addition to the surgery, permanent fixation of a screw, and the wearing of a cast, Plaintiff was required to undergo occupational therapy in order regain some use of her hand.

37. Plaintiff has been left with a small scar on her finger, sensory nerve damage with accompanying pain, a loss of grip strength and a loss of full manual dexterity of her left hand.

38. As a result of the seriousness of Plaintiff's injuries, Plaintiff required medical treatment, with total charges amounting to $132,573.84.

39. As a result of the actions and/or inactions of the Defendants, Plaintiff, Jenna-Jo Biondino, has in the past and may in the future be required to obtain additional medical treatment for her injuries.

40. As a further result of the actions and/or inactions of the Defendants, Plaintiff, Jenna-Jo Biondino, has daily pain and limitations when engaging in her usual and customary activities of daily living.

41. Due to her ongoing pain and limitations, Plaintiff has had to modify her duties at home and at work.

## COUNT I

## JENNA-JO BIONDINO v. BUCKS COUNTY TECHNICAL SCHOOL AUTHORITY OPERATING AS BUCKS COUNTY TECHNICAL HIGH SCHOOL AND KIMBERLY CARON

VIOLATIONS OF 42 U.S.C.A. § 1983
STATE CREATED DANGER

42. Paragraphs one (1) through forty-one (41) herein are incorporated by reference as though fully set forth at length.

43. At all times material hereto, the Plaintiff possessed a liberty interest in her bodily integrity which was, and is, protected by the Fourteenth Amendment to the Constitution of the United States.

44. The actions of the Defendants under the color of state law, as more fully described herein, deprived the Plaintiff of her liberty interest in her bodily integrity in violation of 42 U.S.C.A. §1983.

45. At all times material hereto, the Defendants, Bucks County Technical School Authority operating as Bucks County Technical High School and Kimberly Caron, knew or should have known, that the practice of allowing children in general and Plaintiff, Jenna-Jo Biondino, in particular, to "spar" with other children while using impact weapons and punch paddles, could and would result in a severe injury to the Plaintiff, that was foreseeable and direct.

46. Defendants were aware and on notice of the risk of harm they created with their actions.

47. At all times material hereto, Defendants acted with willful disregard for Plaintiff's safety, by implementing, facilitating, encouraging and compelling conduct that was dangerous, in that it carried with it an unusual serious risk of harm.

48. At all times material hereto, Defendants had actual knowledge or at least willful blindness to the elevated risk of danger that they created by implementing, facilitating, encouraging and compelling sparring between students using impact weapons and punch paddles.

49. Defendants' conduct in implementing, facilitating, encouraging and compelling sparring between minors using impact weapons and punch paddles without proper safety equipment, demonstrated a deliberate indifference, a conscious disregard and a willingness to ignore a foreseeable risk of injury that shocks the conscience.

50. The concept of having minors involuntarily engage in combat weapons training without any protective equipment is so ill-conceived or malicious that it is conscious-shocking.

51. At all times material hereto, the sparring exercise as designed using an impact weapon and punch paddles served no legitimate and reasonable teaching purpose for students on Plaintiff's career pathway and yet she was required to participate in the same.

52. At all times material hereto, Defendants failed to take steps to address the known and serious risk of injury that they created, facilitated and implemented.

53. As a student at the Bucks County Technical High School, Plaintiff belonged to an identifiable class of persons, which the Defendants made vulnerable to a foreseeable injury.

54. At all times material hereto, the Defendants, Bucks County Technical School Authority operating as Bucks County Technical High School and Kimberly Caron, used the color of their authority to implement, facilitate, encourage and compel minor children to "spar" with each other using impact weapons and punch paddles.

55. This authority to implement, facilitate, encourage and compel minor children to "spar" with each other using impact weapons and punch paddles created an opportunity that otherwise would not have existed for this injury to occur.

56. Defendants, through their affirmative actions of implementing, facilitating, encouraging and compelling minor children to "spar" with each other using impact weapons and punch paddles, without any hand or head protection, placed the Plaintiff in danger of injury.

57. As a result of the actions of the Defendants, Plaintiff, Jenna-Jo Biondino, has suffered severe and permanent injuries, described in further detail above.

58. Solely because of the conduct of Defendants as aforesaid, Plaintiff, Jenna-Jo Biondino, has been left with a permanent injury and deformity of her left hand including, but not limited to, lack of motion and strength, which restrict normal functional grasp, resulting in interference with personal care, work, and route tasks.

59. Solely because of the conduct of Defendants as aforesaid, Plaintiff, Jenna-Jo Biondino, has been in the past and may in the future be obligated to spend sums of money for medical attention in an endeavor to treat said injuries, together with other financial damages and losses.

60. As a further result of the actions and/or inactions of the Defendants, Plaintiff, Jenna-Jo Biondino, has been unable to engage in her usual and customary activities.

**WHEREFORE**, it is respectfully requested that judgment be entered in favor of the Plaintiff and against the Defendants, Bucks County Technical School Authority operating as Bucks County Technical High School and Kimberly Caron, in an amount in excess of seventy-five thousand dollars ($75,000.00), together with attorneys fees and costs, as well all other relief the court deems just and appropriate.

## COUNT II

## JENNA-JO BIONDINO v. BUCKS COUNTY TECHNICAL SCHOOL AUTHORITY OPERATING AS BUCKS COUNTY TECHNICAL HIGH SCHOOL

VIOLATIONS OF 42 U.S.C.A. § 1983
POLICY PRACTICE OR CUSTOM

61. Paragraphs one (1) through sixty (60) herein are incorporated by reference as though fully set forth at length.

62. At all times relevant hereto, the Bucks County Technical School Joint Board Committee and the then acting Administrative Director were the decision-makers possessing final unreviewable authority to establish policy, adopt curriculum, and to purchase equipment for classroom instruction.

63. Even one decision by a school board, if it were a final policy-maker, would render its decision school policy. *Hart v. W. Mifflin Area Sch. Dist.*, No. 16-1066, 2016 U.S. Dist. LEXIS 169473 at *12.

64. Pursuant to the Pennsylvania School Code, nothing is to be taught, that has not been pre-approved by the board of directors. (Public School Code of 1949, 24 P.S. § 15- 1512).

65. Pursuant to the Pennsylvania School Code, nothing is to be purchased, that has not been pre-approved by the board of directors. (Public School Code of 1949, 24 P.S. §8- 801).

66. At all times material hereto, the Defendant, Bucks County Technical School Authority operating as Bucks County Technical High School, through the Bucks County Technical School Joint Board Committee and/or the then acting Administrative Director approved curriculum demonstrating a deliberate indifference to Plaintiff's overall health, safety and welfare by allowing students to utilize impact weapons as well as punch paddles in the classroom setting.

67. At all times material hereto, the Defendant, Bucks County Technical School Authority operating as Bucks County Technical High School, through the Bucks County Technical School Joint Board Committee and/or the then acting Administrative Director authorized the purchase of impact weapons, as well as punch paddles, for use in the classroom setting.

68. At all times material hereto, the Defendant, Bucks County Technical School Authority operating as Bucks County Technical High School, through the Bucks County Technical School Joint Board Committee and/or the then acting Administrative Director failed to authorize the purchase of protective hand and head equipment for use in its weapons training program.

69. At all times material hereto, the Defendant, Bucks County Technical School Authority operating as Bucks County Technical High School, through the Bucks County Technical School Joint Board Committee and/or the then acting Administrative Director failed to provide a means to allow minors to opt-out of weapons training, if such training was not necessary for the minor's chosen vocational pathway.

70. Defendant's conduct through the Bucks County Technical School Joint Board Committee and/or the then acting Administrative Director, in approving a dangerous curriculum; authorizing the purchase of dangerous weapons; failing to authorize the purchase of protective equipment; and failing to provide an allowance for students to opt out of weapons training, demonstrates a policy, practice, tradition and/or custom of deliberate indifference to Plaintiff's overall health, safety and welfare.

71. At all times material hereto, the Defendant, Bucks County Technical School Authority operating as Bucks County Technical High School, through the Bucks County Technical School Joint Board Committee and/or the then acting Administrative Director, with

deliberate indifference to the consequences, established and maintained a policy, practice, tradition and/or custom which directly caused Plaintiff constitutional harm.

72. As a result of the actions of the Defendant, Plaintiff, Jenna-Jo Biondino, has suffered severe and permanent injuries as heretofore described.

**WHEREFORE**, it is respectfully requested that judgment be entered in favor of the Plaintiff and against the Defendant, Bucks County Technical School Authority operating as Bucks County Technical High School, in an amount in excess of seventy-five thousand dollars ($75,000.00), together with attorneys fees and costs, as well all other relief the court deems just and appropriate.

Respectfully Submitted,

**DRAKE, HILEMAN & DAVIS, P.C.**

By: s/Jonathan J. Russell
Jonathan J. Russell, Esquire
Suite 15, Bailiwick Office Campus
P.O. Box 1306
Doylestown, PA 18901
Attorney for Plaintiff